UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LENORA JANE COOKIE SPADY FRANCIS,

    Plaintiff,

v.                                                     ACTION NO. 2:17cv519

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Nancy A. Berryhill's ("Berryhill") motion to dismiss, filed on December 29, 2017. ECF No. 6. An order of reference dated January 24, 2018 assigned this matter to the undersigned. ECF No. 14. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby recommended that Berryhill's motion to dismiss be **GRANTED**.

### I. PROCEDURAL AND FACTUAL BACKGROUND

On May 28, 2013, Lenora Jane Cookie Spady Francis ("Francis") filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income ("SSI") under Title XVI of that Act. ECF No. 7-1 at 5–15. Francis' applications were denied initially on October 8, 2013 and upon reconsideration on May 30, 2014. *Id.* at 16–21, 23–29. An administrative law judge ("ALJ") heard the matter and issued a decision on July 28, 2016 denying Francis' claim. *Id.* at 40–42.

Francis requested review of this decision on September 14, 2016. *Id.* at 43–45. On July 25, 2017, the Appeals Council sent, by mail to Francis and her representative, notice that it had denied Francis' request for review and advising Francis of the process of commencing suit in this Court to review the Agency's action. *Id.* at 46–49. Specifically, the letter stated the following:

> You have 60 days to file a civil action (ask for court review).
>
> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

*Id.* at 48. Francis made no request to the Appeals Council to extend her time for filing. *Id.* at 4. Francis then commenced this action by filing a *pro se* motion for leave to proceed *in forma pauperis* on September 29, 2017. ECF No. 1. That motion was granted and the complaint was filed on October 2, 2017. ECF No. 2.

On December 29, 2017, Berryhill filed a motion to dismiss the complaint as untimely with a supporting memorandum.[1] ECF Nos. 6–7. On January 16, 2018, Francis filed a response to Berryhill's motion to dismiss with a supporting memorandum, arguing her complaint is timely. ECF Nos. 10–11. Berryhill replied on January 19, 2018. ECF No. 13. This matter is now ripe for decision.

---

[1] This motion to dismiss included a separately filed notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), providing Francis with notice of how to timely respond thereto and the potential consequences for failing to do so. ECF No. 8.

2

## II. ANALYSIS

Berryhill argues that this Court should dismiss Francis' complaint, because Francis filed this action more than 60 days after receipt of the Appeals Council's notice. ECF No. 7. Berryhill further argues that Francis has not demonstrated circumstances that would justify the application of equitable tolling. *Id.* at 4–5. Finding that Francis did not timely file this action, the Court recommends **DISMISSING** the complaint **WITH PREJUDICE**.

Congress has prescribed the procedure for judicial review in the United States District Courts of a denial of benefits under the Social Security Act:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c) (noting that civil actions "must be commenced within 60 days after the date the individual receives notice" of the Appeals Council's decision). This 60-day time period "constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). The statute of limitations contained within section 405(g) "is the mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481.

In this case, the Appeals Council mailed its notice to Francis on July 25, 2017. ECF No. 7-1 at 46–49. Unless contradicted by Francis, the Appeals Council considered her to have received the notice five days later. *Id.* at 48. Francis has presented no evidence contradicting that she received the notice within five days. The 60-day period began the day after Francis was considered to have received notice. *Id.* Accordingly, the first day of the 60-day period was July

3

31, 2017, the day after the five-day buffer period.[2] Francis' deadline therefore expired on September 28, 2017, one day before she filed her motion to proceed *in forma pauperis*.

Francis asserts that the Social Security Administration told her that September 29, 2017 was an appropriate due date. ECF No. 11 at 1, 5. Francis provides no corroboration for this bare assertion, and it contradicts the plain language of the Appeals Council's notice. *See Reeves v. Colvin*, No. 6:12cv27, 2014 WL 2573049, at *3 (W.D. Va. June 9, 2014) (dismissing the claim of a plaintiff who asserted that the Social Security Administration had allowed her to file after the deadline, stating that "[h]aving produced no proof of a written request or a letter from the Appeals Council granting her an extension, Plaintiff has failed to prove that she was granted an extension"). Further, the explanation provided in the Appeals Council's notice has been held to be sufficiently clear on numerous occasions. *See, e.g., Myers v. Berryhill*, No. 4:17cv28, 2017 WL 6568002, at *4 (W.D. Va. Nov. 28, 2017); *Hunt v. Astrue*, No. 1:10cv141, 2012 WL 6761418, at *4 (M.D.N.C. Dec. 31, 2012).

Nevertheless, the Court may equitably toll the 60-day deadline. *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986). A court should equitably toll the statute of limitations when "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). "[T]he principles of equitable tolling . . . do not extend to . . . a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance

---

[2] In Francis' response to the motion to dismiss, she states that the 60 days should have begun on July 26, 2017. ECF No. 7 at 1. This would be true if Francis actually received the notice the same day it was mailed, and would afford her even less time to file the present action than would the five-day buffer period.

4

stood in h[er] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Congress has sought fit here to waive the United States' sovereign immunity, and "when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota*, 461 U.S. 273, 287 (1983). For this reason, "[t]he Fourth Circuit has cautioned . . . that tolling the limitations period 'will rarely be appropriate.'" *Ratliff v. Colvin*, No. 1:11cv284, 2014 WL 1608269, at *2 (M.D.N.C. Apr. 22, 2014) (quoting *Hyatt*, 807 F.2d at 378).

With that backdrop in mind, the Court concludes that Francis has failed to demonstrate that she is entitled to equitable tolling. There is no indication that Francis sought an extension of time from the agency, which evidences a lack of diligence. *See Parker v. Colvin*, No. 2:15cv533, 2016 U.S. Dist. LEXIS 184047, at *14–15 (E.D. Va. July 26, 2017) (finding that the plaintiff was not entitled to equitable tolling when he filed his claim three days after the deadline without asking for an extension); *Edmonds v. Colvin*, No. 3:13cv539, 2014 WL 792022, at *3 (E.D. Va. Feb. 25, 2014) ("[A]t no point has Plaintiff requested or shown any cause for an extension of the sixty-day deadline. As such, equitable tolling does not apply in this case."). Nor has Francis produced evidence of any external factor which prevented her from timely filing. For example, she has made no showing that the government violated her procedural rights in any way. *See Bowen*, 476 U.S. at 480–81 (stating that when "the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights, statutes of limitations have been tolled until such time as plaintiffs had a reasonable opportunity to learn the facts concerning the cause of action"). In short, this case appears to be "a garden variety claim of excusable neglect." *See Irwin*, 498 U.S. at 96. Accordingly, Francis does not qualify for equitable tolling.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Berryhill's motion to dismiss, ECF No. 6, be **GRANTED** and this case be **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
February 2, 2018