IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



LENORA JANE COOKIE SPADY FRANCIS,

    Plaintiff,

v.                                          CIVIL ACTION NO. 2:17-cv-519

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,

    Defendant.

*MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Lenora Jane Cookie Spady Francis's ("Plaintiff") objections to the Magistrate Judge Robert J. Krask's Report and Recommendation ("R&R"). For the reasons set forth below, the R&R is **ACCEPTED** and **ADOPTED,** and the Nancy A. Berryhill's ("Defendant") Motion to Dismiss is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Magistrate Judge Krask's R&R thoroughly details the factual and procedural history of the case. *See* ECF No. 15 at 1–2. On May 28, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income under Title II and Title XVI, respectively, of the Social Security Act. *Id.* at 1. Plaintiff was unsuccessful in her proceedings through the administrative hearings. *See id.* at 1–2. On July 25, 2017, the Appeals Council sent Plaintiff a letter denying her claim and stating she had sixty days to file her case in federal court, plus a five-day grace period to account for the time the letter was in the mail. *Id.* at 2. In other words, Plaintiff had until September 28, 2018 to file her action in federal court. *Id.* at 4. Plaintiff commenced her *pro se* action on September 29, 2018. ECF No. 1. On

1

December 29, 2017, Defendant filed a motion to dismiss stating that Plaintiff had passed the sixty-day statute of limitations. ECF Nos. 6–7. Magistrate Judge Krask issued his R&R on February 2, 2018 and recommended the Court grant Defendant's motion and dismiss the case with prejudice. ECF No. 15 at 6. On February 20, 2018, Plaintiff filed her objections to the R&R. ECF No. 16. Defendant filed her opposition on March 5, 2018. ECF No. 17.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." The *de novo* requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the Magistrate Judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

A district court must review the relevant findings by the Magistrate Judge *de novo* when a party objects to the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections made to the report must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Objections must also respond to specific errors in the report and recommendation because general or conclusory objections are not proper. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections are the equivalent of a waiver. *Id.*

## III. DISCUSSION

Based on a *de novo* review of the filings and the R&R, this Court determines that the Magistrate Judge's recommendations and findings are proper. *Wilmer*, 774 F.2d at 73. The

2

R&R supports all factual findings and the Court finds Plaintiff's objections are without merit. Plaintiff's objections fail to provide the Court with objections that target particular errors found in the R&R. *See Orpiano*, 687 F.2d at 47. The Court does not find any legal errors in the Magistrate Judge's findings because Plaintiff's objections fail to provide the Court with sufficient legal authority to support the assertions presented in Plaintiff's objections to the R&R. Accordingly, the Court concludes that Plaintiff raises no grounds which warrant this Court's departure from the recommendations as stated in the Magistrate Judge's R&R.

## IV. CONCLUSION

The Court has independently reviewed the filings in this case and Plaintiff's objections to the R&R. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. The findings and recommendations in Magistrate Judge Krask's R&R dated February 2, 2018 are hereby **ACCEPTED** and **ADOPTED**. Specifically, Defendant's Motion Dismiss is **GRANTED**; Plaintiff's action is **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 27, 2018

Raymond A. Jackson
**United States District Judge**

3